This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Carla McClaskey, has appealed from the order of the Summit County Court of Common Pleas, Domestic Relations Division, that modified the amount of child support owed by Appellee, Jeffrey Weaver. We reverse.
Appellant and Appellee terminated their marriage through a Decree of Dissolution on August 25, 1995. Incorporated into the Decree of Dissolution was a Separation Agreement that the parties had entered into on July 25, 1995. Pursuant to the Separation Agreement, Appellant was named as residential parent. The parties further agreed that while the amount of child support owed under the statutory guidelines was $275, Appellee was to pay only $100. The reason for the reduction was not stated. Appellant subsequently moved for an increase in the amount of child support owed. Following a hearing before the magistrate, the magistrate recommended that the child support be increased, but that a reduction of $175 be effectuated from the amount calculated under the child support guidelines and worksheets. Appellant filed timely objections to the magistrate's decision. On October 19, 1999, the trial court overruled Appellant's objections and ordered that Appellee's child support obligation be increased to $185.73 a month plus a processing fee. Appellant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred in failing to order the full statutory amount of child support.
 In her sole assignment of error Appellant has argued that the trial court erred in failing to order the full statutory amount of child support and permitting a reduction where it did not comply with the statutory mandates. We agree.
Pursuant to R.C. 3113.215(B)(1):
 (B)(1)In any action in which a child support order is issued or modified under Chapter 3115. or section 2151.23, 2151.231 [2151.23.1], 2151.232 [2151.23.2], 2151.33, 2151.36, 2151.49, 3105.18, 3105.21, 3109.05, 3109.19, 3111.13, 3113.04, 3113.07, 3113.216 [3113.21.6], or 3113.31 of the Revised Code, in any other proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order, or when a child support enforcement agency determines the amount of child support that will be paid pursuant to an administrative child support order issued pursuant to sections 3111.20, 3111.211 [3111.21.1], and 3111.22 of the Revised Code, the court or agency shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule in division (D) of this section, the applicable worksheet in division (E) or (F) of this section, and the other provisions of this section, shall specify the support obligation as a monthly amount due, and shall order the support obligation to be paid in periodic increments as it determines to be in the best interest of the children. In performing its duties under this section, the court or agency is not required to accept any calculations in a worksheet prepared by any party to the action or proceeding. In any action or proceeding in which the court determines the amount of child support that will be ordered to be paid pursuant to a child support order or when a child support enforcement agency determines the amount of child support that will be paid pursuant to an administrative child support order issued pursuant to sections 3111.20, 3111.211 [3111.21.1], and 3111.22 of the Revised Code, the amount of child support that would be payable under a child support order, as calculated pursuant to the basic child support schedule in division (D) of this section and pursuant to the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, is rebuttably presumed to be the correct amount of child support due, and the court or agency shall order that amount to be paid as child support unless both of the following apply with respect to an order issued by a court:
 (a) The court, after considering the factors and criteria set forth in division (B)(3) of this section, determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, would be unjust or inappropriate and would not be in the best interest of the child.
 (b) The court enters in the journal the amount of child support calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination.
 Accordingly, when the trial court permits a deviation from the basic child support schedule, it must (1) find that the amount determined under the schedule is unjust or inappropriate; (2) find that the child support amount calculated under the child support schedule would not be in the best interest of the child; and (3) state its findings of fact that support its determinations.[1]
In the present case the trial court found that a deviation in the amount of child support calculated under the schedule was warranted. The trial court found that the reduction was in the best interests of the child, however, the trial court failed to indicate that the amount determined under the schedule was unjust or inappropriate and it failed to give any findings to support its determinations. Accordingly, the trial court erred in permitting a deviation where such requirements were not followed.
Appellant's assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
______________________________________ LYNN C. SLABY
BATCHELDER, P.J., CARR, J. CONCUR
[1] This Court notes that R.C. 3113.215 was repealed effective March 22, 2001. R.C. 3119.22 now includes the relevant section pertaining to the matters at issue in this case. However, since R.C. 3113.215 was in effect at the time the trial court made its order in this case, this Court has applied the language of that section.